UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GIORDANO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Civil Action No. 20-18433 (MAS)<br><br>**MEMORANDUM ORDER** |

　　　This matter comes before the Court upon Defendant Commissioner of Social Security's (the "Commissioner") Motion to Dismiss. (ECF No. 7.) Plaintiff David Giordano ("Giordano") did not oppose. The Court decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, the Commissioner's Motion is granted.

　　　On December 7, 2021, Giordano filed a one-page Complaint alleging that the Social Security Appeals Council denied his request for review of a final decision of the Commissioner. (*See* ECF Nos. 1, 3.) On January 1, 2022, the Commissioner moved to dismiss Giordano's Complaint for lack of jurisdiction because Giordano's application for Supplemental Security Income ("SSI") (the "Application") was still pending with the Social Security Agency (the "Agency"). (Commissioner's Moving Br. 2, ECF No. 7.) The Court entered a text order instructing Giordano to file an update with the Court on the status of the Application by August 18, 2023. (ECF No. 9.) The Commissioner was permitted to file any response by August 25, 2023. (*See id.*) Because Giordano did not file any update pursuant to the text order, the Commissioner's Motion is ripe for resolution.

　　　At any time, a defendant may move to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1), (h)(3). "A facial

12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). As such, district courts "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Here, the Commissioner brings a factual attack, arguing that Giordano failed to exhaust the administrative remedies prior to filing suit. (*See generally* Commissioner's Moving Br.) A district court lacks subject matter jurisdiction if the United States has not waived its sovereign immunity and consented to suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The consent to be sued must be express and unequivocal, and construed strictly in favor of the sovereign. (*Id.*)

The exclusive jurisdictional basis for judicial review of Social Security cases is provided by 42 U.S.C. § 405(g). Section 405(g) authorizes judicial review of only a "final decision of [the Commissioner] made after a hearing." 42 U.S.C. § 405(g). The term "final decision" is "left to the [Commissioner] to flesh out by regulation." *Weinberger v. Safi*, 422 U.S. 749, 766 (1975). The Commissioner's regulations provide that a claimant must complete a four-step administrative review process to obtain a final decision ripe for judicial review. 20 C.F.R. § 404.900(a). The four steps are: (1) initial determination; (2) reconsideration; (3) ALJ decision; and (4) Appeals Council review. *Id.*

Here, the Court lacks subject-matter jurisdiction because Giordano did not exhaust his administrative remedies. Giordano's claim for SSI remains at the second phase, the reconsideration phase. (Commissioner's Moving Br. 5.) Giordano, accordingly, has not obtained a judicially-reviewable "final decision after a hearing." (*See id.*; 20 C.F.R. §§ 404.900(a)(5),

416.1400(a)(5).) Because the Court lacks subject-matter jurisdiction, it grants the Commissioner's Motion.

**IT IS** on this 6th day of September 2023, **ORDERED** as follows:

1. The Clerk shall reinstate the Commissioner's Motion to Dismiss. (ECF No. 7.)

2. The Commissioner's Motion to Dismiss (ECF No. 7) is **GRANTED**.

3. The Clerk shall close this case.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**